R. GARRETT, for use of W. A. RAWSON, plaintiff in error, *vs.* A. CORDELL *et al.*, defendant in error.

The Act of October 13th, 1870, requiring an affidavit that all legal taxes have been paid, on certain debts therein mentioned, or the suit founded thereon dismissed, is not in conflict with that section of the Constitution of 1868, which declares that the Court shall render a judgment without the verdict of a jury, in cases founded on a contract, when an issuable defense is not filed under oath.

WARNER, Judge, dissenting.

This was *scire facias* to revive a dormant judgment sued out in May, 1859. No plea was filed. No affidavit as to the payment of taxes, under the Relief Act of 1870, was filed, and for that the Court dismissed it. That is assigned as error.

H. FIELDER, for plaintiff in error, said this cause being in default, judgment should have been rendered by the Court Constitution of 1868, Art. V., sec. 3, p. 3. This Relief Act is void because passed after the General Assembly was in session over forty days, without vote of two-third: Constitution of 1868, Art. III., sec. 1, p. 3, c. 3. It is otherwise unconstitutional: Constitution of 1868, Art. I., sec. 21; Art. I., sec. 9, c. 3, Constitution of United States; 35th Georgia Reports, 285; 4th Wallace, 326, 391, 552; 37th Georgia Reports, 127.

No appearance for defendant.

Garrett *vs.* Cordell *et al.*

McCay, Judge.

It is a little remarkable that the plaintiff in error in this case, should complain in one breath that an Act of the Legislature, putting upon him a burden, to-wit: the affidavit of the payment of taxes, is void as impairing the obligation of contracts, and in the next breath, insist upon another State law, imposing a burden upon the *defendant*, as a means of defeating the operation of the first. In my judgment, these two laws, to-wit: the Act of October 13th, 1870, as to the affidavit of the payment of taxes, and the Constitution of 1868, denying to the defendant the right of trial by jury, unless he first file a plea under oath, stand upon the same footing. Both of them are regulations by the State of the remedy, and neither of them interfere with the obligation of the contract; both of them impose duties, the one on the plaintiff, the other on the defendant, which did not exist at the date of the contract. But the imposition in both cases is only a regulation by the State, for its *own purposes*, of the proceedings in its Courts. The Constitution of 1868, in requiring the defendant to swear to his plea before it permitted him to have a jury trial, was looking to the convenience of the *public*, and to the speedy transaction of the business in the Courts. The Act of October 13th, 1870, imposing the condition of an affidavit of payment of taxes, looks to the same end—the public weal—in the collection of the taxes due the State. If any advantage comes to the adverse party in either case, it is incidental, and caused by the failure of his opponent to comply with a very reasonable provision of the law of the land. But the Constitution of 1868, does not provide that the plaintiff shall be entitled to a judgment, unless the defendant puts in a plea under oath. It only denies him the right of trial by jury. It is still the duty of the plaintiff to make out his case, and it is the usual practice of the Court to require it. The declaration is still demurrable, and anything required by law of him is still his

duty. As we have said, this affidavit of the payment of taxes is not for the benefit of the defendant, but the State. It is the means the State uses to compel persons holding debts, to give in and pay the taxes upon them. It applies to cases even of accounts, where the defendant has not appeared. It is made the duty of the Court to insist upon it, as a condition precedent, that the plaintiff shall make it appear that he has done his duty in this respect to the State, before he shall get a judgment. The rights of the defendant is not the question. It is not for him that this duty is required. It is the State's mode of getting its revenue.

Judgment affirmed.

LOCHRANE, Chief Justice, concurred, and WARNER, Judge, dissented, but neither furnished any opinion.